THE LAW OFFICE OF JOSEPH MAURO, LLC  
631 MONTAUK HWY. STE. 6  
WEST ISLIP, NY 11795  

631-669-0921  
631-669-5071 (FAX)

August 18, 2005

Hon. Judge William Wall  
Alphonse M. D'Amato Federal Courthouse  
100 Federal Plaza  
Central Islip, NY 11722

RE: Boyce v. Allied Interstate et al  
No: CV-05-1596

Honorable Judge Wall,

Please accept this letter on behalf of the Plaintiff herein as a motion for a protective order pursuant to Federal Rule of Civil Procedure 26. Plaintiff requests an order controlling the timing of when the Plaintiff shall turn over to Defendant a recorded telephone conversation between the Plaintiff and Defendant.

Plaintiff's complaint alleges violation of the Fair Debt Collection Practices Act (FDCPA). The Complaint alleges that Defendant violated several provisions of the FDCPA during telephone a conversation between Plaintiff and Defendant.

Plaintiff seeks an order permitting the Plaintiff to turn over the audio tape to Defendants following the depositions of the Defendants. Plaintiff makes this request so as to prevent the Defendants from altering and tailoring their testimony based upon the audio tape. Plaintiff wants to obtain the un-refreshed, and unaltered recollection of the Defendants. Defendant seeks copies of the audio tape prior to the depositions.

I have informed the Defendants' attorney of the prevailing case law in the circuit and I have provided counsel with what appears to be the most descriptive ruling on the issue. I have confirmed today with Defendants' counsel that Defendants are still demanding immediate disclosure.

A virtually identical fact pattern was analyzed and decided in the case of Poppo v. AON Risk Servs., 49 Fed R. Serv. 3d (Callaghan) 120 (S.D.N.Y. 2000). (Attached as Exhibit A) The Court determined that the Plaintiff should be permitted to withhold the tapes until after deposition. The Court further noted that there is "consensus on this issue within this circuit." The Poppo Court stated:

> *In the herein matter, Plaintiff acknowledges his obligation to turn over these tapes to the defendant in response to defendant's discovery requests, however, plaintiff asks the Court to issue a Protective Order to delay the production of these tapes until after the deposition of the witnesses whose statements were recorded. Plaintiff states that this would prevent the defendant's witnesses from altering their testimony in order to conform with their recorded statements.*

The Court continued:

*Since biblical times the prospect of tailoring testimony and its ramifications has been understood and condemned. This is presently seen most clearly in the sequestration of witnesses. Skipping some 2000 years, Second Circuit courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions. See Tribune Co. v. Purcigliotti, 1997 U.S. Dist. LEXIS 13165 No. 93 CV 7222, 1997 WL 540810, at 3 (S.D.N.Y. 1997) (ordering a production of audio and video tapes after the risk of altering testimony was over; Weinhold v. Witte Heavy Lift, Inc. 1994 U.S. Dist. LEXIS 4559, No. 90 CIV 2096, 1994 WL 132392, at 1 (S.D.N.Y. April 11, 1994)(surveillance video tape in a products liability action); Daniels v. Nat'l R.R. Passenger Corp., 110 F.R.D. 160, 161 (S.D.N.Y. 1986)(same); Erie Conduit Corp. v. Metro Asphalt Paving Assoc., 106 F.R.D. 451, 457 (E.D.N.Y. 1985) (stating that the Court had denied the defendants access to plaintiff's secretly recorded tapes until after depositions); Sherrell Perumes, Inc. v. Revlon, Inc., 77 F.R.D. 705, (S.D.N.Y. 1977) (delaying the production of surreptitiously taped recorded conversations in an antitrust action until after depositions)."*

It is clear that the Court in Poppo recognized the importance of not permitting the Defendants to tailor their deposition testimony to the recorded statements. Again Plaintiff does not seek to withhold the audio tape indefinitely, just until after the depositions of Defendant. Defendant will not be prejudiced by the delay in the production of the tapes. The Defendant will have sufficient opportunity to review the audio tape before trial. The production of the audio tape *prior* to depositions can serve only one purpose: to aid the Defendants in altering their deposition testimony. There is no other reasonable explanation why the Defendant needs the audio tape prior to depositions. Turning over the tape prior to deposition, will severely prejudice the plaintiff. The Defendants' independent recollection of the events in question will be immediately lost upon Defendants listening to the audio tape. Defendants' unaltered testimony will be unobtainable following the disclosure. Torres-Paulett v. Tradition Mariner, Inc. 157 F.R.D. 487 (S.D. Cal 1994).

As the Plaintiff does not request to permanently withhold the tape, the issue is merely timing. In Parla v. Matson, 28 F.R.D. 348 (S.D.N.Y. 1961) the court stated:

*The core question, therefore, is one of timing. To protect the legitimate interests of both parties – defendant's interest in determining the extent of plaintiff's present unrefreshed recollection, and plaintiff's interest in examining post-accident disclosures prior to trial so that he may honestly explain any inaccuracies or error in his present or past account of the accident – I direct that plaintiff appear for his deposition within ten days after the date of this order and that defendant bring to the examination and produce for inspection and copying upon completion of the deposition the items set forth above.*

Case law outside of this Circuit also favors protecting recorded information until after deposition. Walls v. Int'l Paper Co., 192 F.R.D. 294 (D. Kan. 2000) (granting a protective order in a sex discrimination case); Torres-Paulett v. Tradition Mariner, Inc. 157 F.R.D. 487 (S.D. Cal 1994) (granting a protective order in a personal injury action); McCoy v. General Motors Corp., 33 F.R.D. 354 (W.D. Pa. 1963) (delaying production in a personal injury action).

In Torres-Paulett, the Southern District of California considered the issue and stated:

> *Some courts have noted that it may be appropriate for a court to order a party to be deposed before his statement is produced. See Smith v. Central Linen Service 39 F.R.D. 15 (DC Md. 1966). Courts that have specifically addressed the issue hold that a defendant must produce the plaintiff's statement after the defendant has completed the plaintiff's deposition. See Belback v. Wilson Freidght Forwarding Co. 40 F.R.D. 16 (WD Pa. 1966), McCoy v. Genral Motors Corp. 33 F.R.D. 354 (WD Pa 1963)...This Court agrees with the rational stated in McCoy, supra and Parla, supra. Defendant has agreed to produce plaintiff's recorded statements after completion of plaintiff's deposition. If defendant was required to produce plaintiff's recorded statement prior to the deposition, defendant would be deprived of plaintiff's unrefreshed recollection of the events that give rise to the accident that is the subject of this litigation. Additionally, defendant would be unable to obtain a deposition of plaintiff based on plaintiff's personal memory and knowledge.*

In <u>Walls v. International Paper, Inc</u>. 192 F.R.D. 294 (D. Kan 2000) the Court stated:

> *The court has reviewed no less than six cases cited by Ms. Walls in which the recorded statements of a party were at issue, and in which the court ordered that the statement be released to the party after that party was deposed. The court finds these cases are directly on point.*

It should be noted that the six cases to which the Walls court referred were as follows: <u>Sherrell Perfumes, Inc. v. Revlon, Inc.</u>, 77 F.R.D. 705, (S.D.N.Y. 1977); <u>Parla v. Matson Navigation Co.</u>, 28 F.R.D. 348 (S.D.N.Y. 1961); <u>Torres-Paulett v. Tradition Mariner, Inc.</u>, 157 F.R.D. 487 (S.D. Cal 1994); <u>McCoy v. General Motors Corp.</u>, 33 F.R.D. 354 (W.D. Pa. 1963); <u>Belback v. Wilson Freidght Forwarding Co</u>., 40 F.R.D. 16 (WD Pa. 1966); and <u>Nelson v. Puerto Rico Marine Management, Inc</u>. 72F.R.D. 637 (D. Md. 1976).

Most recently, while confronting this exact issue, Magistrate Judge James Orenstein determined, via a minute order, that because Plaintiff only seeks to control the <u>timing</u> of the release of the recordings, Defendant's request to compel was moot. Judge Orenstein ruled that the tapes should be disclosed only after deposition. (See <u>Gargiulo v. Client Services</u>, 2:04-cv-05410-TCP-JO)

> *Defendants' motion to compel is denied as moot, because plaintiff is willing to disclose the tape subject to certain timing restrictions. Plaintiff's motion for a protective order allowing plaintiff to withhold production of the tape until the completion of defendants' deposition is granted. Approved by Judge James Orenstein on 5/12/05. (Branciforte, Ralph) (Entered: 05/12/2005)* Docket sheet attached as Exhibit B.

In summary, Plaintiff will be severely prejudiced by Defendant being permitted to conform and tailor his testimony to the recording. The Defendant on the other hand will not be prejudiced by the delay in receiving the audio tape. As such the Plaintiff requests a protective order directing that Plaintiff be permitted to disclose the audio tape following the deposition of the Defendants.

Sincerely,

Joseph Mauro

CC: Jeffrey S. Ettenger – Attorney for Plaintiff
40 Wall St. 57th Floor
New York, NY 10005

Exhibit A

LEXSEE

LOISANN POPPO, Plaintiff, -against- AON RISK SERVICES, INC, et al., Defendant.

00 Civ. 4165 (HB)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2000 U.S. Dist. LEXIS 17588; 49 Fed. R. Serv. 3d (Callaghan) 120; 84 Fair Empl. Prac. Cas. (BNA) 1004

December 6, 2000, Decided
December 6, 2000, Filed

**DISPOSITION:** [*1] Plaintiff's motion GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff filed a request for a protective order pursuant to *Fed. R. Civ. P. 26(c)* allowing the retention of certain audiotapes until after the plaintiff deposed defendant's witnesses whose statements were captured on the audiotapes.

**OVERVIEW:** Plaintiff was in possession of several audiotapes of conversations with officers and agents of defendant, which she claimed supported her contention that defendant discriminated against her. Plaintiff asked the court to issue a protective order to delay the production of these tapes until after the depositions of the witnesses whose statements were recorded in order to prevent defendant's witnesses from altering their testimony in order to conform with their recorded statements. The court found that the courts in the circuit had delayed the production of audio or video tapes prior to one or more depositions in order to prevent defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions. There was no reason to deviate from these precedents. Plaintiff was to turn over the audiotapes directly following depositions of the relevant witnesses.

**OUTCOME:** Plaintiff's request for a protective order was granted; the precedent in the circuit was to delay the production of audio or video tapes prior to one or more depositions in order to prevent the tailoring of testimony to conform with prior recorded statements or actions.

**COUNSEL:** For LOISANN POPPO, plaintiff: Louis Ginsberg, The Law Firm of Louis Ginsberg, P.C., New York, NY.

For AON RISK SERVICES COMPANY OF NEW YORK, AON SERVICE CORPORATION, defendants: Amy W. Schulman, Piper & Marbury, L.L.P., New York, NY.

**JUDGES:** Hon. HAROLD BAER, JR., District Judge.

**OPINIONBY:** HAROLD BAER, JR.

**OPINION:**

### MEMORANDUM &ORDER

Hon. HAROLD BAER, JR., District Judge:

The parties have submitted letter briefs to the Court wherein the plaintiff requests a Protective Order pursuant to *FRCP 26(c)* allowing the retention of certain audiotapes until after the plaintiff deposes defendant's witnesses whose statements were captured on the audiotapes. For the following reasons plaintiff's motion is GRANTED.

This issue arises as plaintiff is in possession of several audiotapes of conversations with officers and agents of the defendant, which she claims support her contention that defendants discriminated against her

Case 1:05-cv-01596-DGT-WDW Document 11 Filed 08/18/05 Page 6 of 10 PageID #: 49

Page 2

2000 U.S. Dist. LEXIS 17588, *; 49 Fed. R. Serv. 3d (Callaghan) 120;
84 Fair Empl. Prac. Cas. (BNA) 1004

because of her pregnancy. Plaintiff acknowledges her obligation to turn over these tapes to the defendant in response to defendant's discovery requests, however, plaintiff asks the Court to issue a Protective Order to delay the production of these tapes until after the depositions of the witnesses whose statements were recorded. Plaintiff states that this would prevent the defendant's witnesses from altering their testimony in order to conform with their recorded statements. [*2] In response, the defendant points out that the audio tapes in the plaintiff's possession were made without the consent or knowledge of the agents of the defendant and demands under the Federal Rules that the tapes be produced immediately

In support of her position, plaintiff cites numerous New York state court cases. However, as defendants observe, it is federal and not state law which controls the Court's determination. Defendant cites *Roberts v. Americable Int'l Inc.*, 883 F. Supp. 499 (E.D. Cal. 1995) (holding that a plaintiff who had surreptitiously recorded conversations with the defendant must produce these prior to the defendant's deposition). Although this case is on point, it is not reflective of the consensus on this issue within this circuit.

Since biblical times the prospect of tailoring testimony and its ramifications has been understood and condemned. This is presently seen most clearly in the sequestration of witnesses. Skipping some 2000 years, Second Circuit courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses from tailoring their testimony to conform with [*3] their prior recorded statements or actions. See *Tribune Co. v. Purcigliotti*, 1997 U.S. Dist. LEXIS 13165, No. 93 CV 7222, 1997 WL 540810, at *3 (S.D.N.Y. 1997) (ordering a production of audio and video tapes after the risk of altering testimony was over); *Weinhold v. Witte Heavy Lift, Inc.*, 1994 U.S. Dist. LEXIS 4559, No. 90 CIV 2096, 1994 WL 132392, at *1 (S.D.N.Y. April 11, 1994)(surveillance video tape in a products liability action); *Daniels v. Nat'l R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986) (same); *Erie Conduit Corp. v. Metro. Asphalt Paving Assoc.*, 106 F.R.D. 451, 457 (E.D.N.Y. 1985) (stating that the Court had denied the defendants access to plaintiff's secretly recorded tapes until after depositions); *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. 705, (S.D.N.Y. 1977) (delaying the production of surreptitiously tape recorded conversations in an antitrust action until after depositions).

I find no reason to deviate from these precedents. The depositions will proceed immediately, and the plaintiff will turn over the audio tapes directly following depositions of the relevant witnesses. The plaintiff's deposition will take place [*4] after the defendants have received, and have had an opportunity to review, the audio tapes.

**SO ORDERED**

New York, New York

December 6, 2000

    HAROLD BAER, JR.

    U.S.D.J.

Exhibit B

# U.S. District Court
## Eastern District of New York (Central Islip)
## CIVIL DOCKET FOR CASE #: 2:04-cv-05410-TCP-JO

Gargiulo et al v. Client Services, Inc. et al
Assigned to: Senior Judge Thomas C. Platt
Referred to: Magistrate-Judge James Orenstein
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 12/13/2004
Jury Demand: Plaintiff
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**Stephanie Gargiulo**     represented by **Joseph Mauro**
The Law Office of Joseph Mauro, LLC
631 Montauk Highway
Suite 6
West Islip, NY 11795
631-669-0921
Fax: 631-669-5071
Email: JoeMauroesq@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Gargiulo**     represented by **Joseph Mauro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Client Services, Inc.**
*TERMINATED: 07/25/2005*
    represented by **Arthur Sanders**
2 Perlman Drive
Suite 301
Spring Valley, NY 10977
845-352-7272
Fax: 845-352-8131
Email: asanders9@earthlink.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brie Hendersike**     represented by **Arthur Sanders**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| | | of Additional Parties: June 15, 2005. Deadline for Amendment of Pleadings: June 15, 2005. Status Conference: August 2, 2005, at 11:00 a.m. Fact discovery to be completed by: September 15, 2005. Expert reports to be exchanged by: November 4, 2005. Pretrial Order to be filed by: November 28, 2005. Dispositive motion process started by: November 28, 2005. Pretrial Conference: December 5, 2005 at 9:30 a.m. Signed by Judge James Orenstein on March 16, 2005. (Orenstein, James) (Entered: 03/16/2005) |
| 05/02/2005 | 11 | Letter from Arthur Sanders to Judge Orenstein Regarding discovery. (Sanders, Arthur) (Entered: 05/02/2005) |
| 05/09/2005 | 12 | Letter from Joseph Mauro, Esq. to Hon. Judge James Orenstein Regarding protective order. (Attachments: # 1 Exhibit A# 2 Exhibit Poppo v. AON Risk Serv (SDNY 2000))(Mauro, Joseph) (Entered: 05/09/2005) |
| 05/11/2005 | 13 | Letter from Arthur Sanders to Judge Orenstein Regarding discovery. (Sanders, Arthur) (Entered: 05/11/2005) |
| 05/12/2005 | 14 | ORDER re 13, 12, 11 Letters -- Defendants' motion to compel is denied as moot, because plaintiff is willing to disclose the tape subject to certain timing restrictions. Plaintiff's motion for a protective order allowing plaintiff to withhold production of the tape until the completion of defendants' deposition is granted. Approved by Judge James Orenstein on 5/12/05. (Branciforte, Ralph) (Entered: 05/12/2005) |
| 06/20/2005 | 15 | Letter from Arthur Sanders to Judge James Orenstein Regarding deposition. (Sanders, Arthur) (Entered: 06/20/2005) |
| 06/23/2005 | 16 | Letter from Joseph Mauro to Magistrate Judge M. Orenstein Regarding opposition to Defendants' letter motion. (Mauro, Joseph) (Entered: 06/23/2005) |
| 06/24/2005 | 17 | Minute Entry for proceedings held before James Orenstein : Telephone Conference held on 6/24/2005. SCHEDULING: (1) The next status conference will be held on August 2, 2005, at 11:00 a.m. (2) A pretrial conference will be held on December 5, 2005, at 9:30 a.m. THE FOLLOWING RULINGS WERE MADE: The parties's counsel agreed that the defendants' depositions will take place in person in Missouri on July 28, 2005. The parties' counsel further agreed that this schedule will not hamper their ability to complete discovery according to the deadlines in the scheduling order. (Orenstein, James) (Entered: 06/24/2005) |
| 07/21/2005 | 18 | NOTICE of Acceptance with Offer of Judgment by Stephanie Gargiulo, Joseph Gargiulo (Mauro, Joseph) (Entered: 07/21/2005) |
| | | |




| 07/25/2005 | 19 | JUDGMENT is entered in favor of the plaintiff and against the defendant, Client Services, Inc., in the amount of $2,000.00 together with costs accrued to this date and attorney fees in an amount to be decided by the Court. Signed by Lorraine Sapienza, Deputy Clerk on 7-25-05. (Judgment entered by clerk upon the plaintiff's acceptance of defendant's offer of judgment) (Mahon, Cinthia) (Entered: 07/26/2005) |
| --- | --- | --- |
| 08/05/2005 | 20 | Letter MOTION for Attorney Fees *and costs* by Stephanie Gargiulo, Joseph Gargiulo. (Mauro, Joseph) (Entered: 08/05/2005) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 08/18/2005 21:02:19 | | | |
| PACER Login: | | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:04-cv-05410-TCP-JO |
| Billable Pages: | 2 | Cost: | 0.16 |