**The Law Office of Joseph Mauro, LLC**         631-669-0921
**631 Montauk Hwy. Ste. 6**                    631-669-5071 (fax)
**West Islip, NY 11795**

August 22, 2005

Hon. Judge William Wall
Alphonse M. D'Amato Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722

                              RE: <u>Boyce v. Allied Interstate et al</u>
                                     No: CV -05-1596

Honorable Judge Wall,

        Please accept this letter in opposition to Defendant's motion to compel Plaintiff's disclosure of an audio tape in Plaintiff's possession. Plaintiff only seeks to control the *timing* of discovery. The Court clearly has the authority to do so under Rule 26, even without the showing of "good cause." In any case, the Plaintiff has clearly demonstrated "good cause," and it is clearly in the interests of justice (as per Rule 26d) to permit Plaintiff to acquire defendant's un-refreshed untailored testimony.

        Plaintiff was being abused by the Defendant debt collector. Plaintiff recorded the debt collector attempting to protect himself, and attempting to document the occurrence so that the Defendant could not just deny the event. This is not a situation involving witness statements after an accident (as in <u>Rofail</u>). This is a situation far more akin to <u>Poppo,</u> in which the Plaintiff recorded the Defendant for these same reasons, and then sought to acquire Defendant's un-refreshed and un-tailored testimony prior to disclosure. There is no trickery or manipulation as the Defendant alleges; nor is this an "ambush." Plaintiff just wants to depose the Defendant as to what they currently know and recall about the events so as to create a record. Plaintiff will then disclose the tape to Defendant well in advance of trial. Depositions are not the forum to try the underlying case; they are merely to establish a record. Plaintiff's request is obviously fair and non-prejudicial, and this is likely why Courts generally order such procedure. (See <u>Gargiulo v. Client Services</u>, attached to Plaintiff's motion).

        Defendant's counsel argues that it is unlikely that Defendant would have a specific recollection of the conversations between Plaintiff and Defendant. If this is the case, Plaintiff is entitled to this testimony on the record. It is realistically and practically impossible for the Defendant to give such testimony once they have listened to recordings of the event. This is likely why, as the Court in <u>Rofail</u> itself noted: "A review of the case law suggests it is common practice for defendants to request and for courts to grant, stays of production of the statements of parties (and of other investigative material) until after the party has been deposed." (<u>Rofail</u> at 53). It just makes sense. The Defendant will not be prejudiced in any way by a slight delay in disclosure; while the defendant would be prejudiced by losing the ability to establish the defendant's current/untailored recollection of the events.

        To decrease Defendant's time without the tape, Plaintiff is willing to expedite all discovery, and to turn over the tape immediately upon the conclusion of the Defendants' depositions.

Sincerely,


Joseph Mauro